**UNITED STATES of America**

v.

**Leo LLOYD, Appellant.**

**No. 08–3489.**

United States Court of Appeals,
Third Circuit.

Submitted for a Certificate of Appealability
or Possible Summary Action

Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 Feb. 27, 2009.

Opinion filed March 19, 2009.

Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff–Appellee.

Leo Lloyd, McCreary USP, Pine Knot, KY, for Appellant.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

In September 2007, the appellant, Leo Lloyd, pleaded guilty to one count of possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1), (b)(1)(B). The District Court sentenced Lloyd to a term of 110 months' imprisonment followed by three years of supervised release.

Soon thereafter, Lloyd, proceeding pro se, filed a motion identified as a "motion pursuant to Federal Rule of Criminal Procedure 32(e)(2)." (Dist. Ct. Dkt. # 32.) In his motion, Lloyd challenged the constitutionality of his detention on various grounds, including that he had received ineffective assistance of counsel. The District Court determined that the motion should have been filed as a motion pursuant to 28 U.S.C. § 2255, and, pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir.1999), directed Lloyd to inform the court whether "he consent[ed] to reclassification of his ... motion as a petition pursuant to 28 U.S.C. § 2255, or whether he wishe[d] to resubmit his petition, including the same or additional claims, on the standard § 2255 form." (Dist. Ct. Order, May 5, 2008, Dkt.# 33.) In response, Lloyd submitted a § 2255 motion on the standard form. (Dist. Ct. Dkt. # 35.) Because he chose to resubmit his petition, the District Court then entered an order dismissing as moot Lloyd's previously filed "motion pursuant to Federal Rule of Criminal Procedure 32(e)(2)." (Dist. Ct. Dkt. # 37.) Lloyd now appeals from that order.[1]

In his notice of appeal, Lloyd states that he seeks review of the District Court's order "denying the relief requested (Sentence Modification) pursuant to 28 U.S.C. § 2255." (Dist. Ct. Dkt. # 38.) Thus, it appears that Lloyd believes that he has been denied habeas relief. As noted above, however, the order from which Lloyd appeals simply dismissed his initial filing as moot in light of the properly filed § 2255 motion that followed; Lloyd's § 2255 is still pending in the District Court. As such, we see no error in the District Court's order.

Because this appeal does not present a substantial question, we will summarily af-

---

1. We have jurisdiction over this appeal pursu- ant to 28 U.S.C. § 1291.

firm the District Court's order.[2]  *See* Third Cir. LAR 27.4 and I.O.P. 10.6.

---

**2.** A certificate of appealability is not necessary for the purpose of this appeal. *See* 28 U.S.C. § 2253(a).